Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY– NEWARK DIVISION

| | |
|---|---|
| ZENIO G. MEJIA,<br><br>Plaintiff,<br><br>-against-<br><br>MOISHE MANA, EUGENE LEMAY, MICHA LANG and SALMAN RAMI HAIM a/k/a RAMI HAIM, individually, and MANA FINE ARTS LLC., MOISHE'S GUARANTEE ASSET MANAGEMENT LLC., GAM INVENTORY MANAGEMENT, GUARANTEE WINE STORAGE INC., and any other related or affiliated entities,<br><br>Defendants. | Case No.: 17-cv-12198<br><br>**COMPLAINT** |

Plaintiff, by his attorneys Virginia & Ambinder LLP, hereby alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207; New Jersey Statutes §§ 34:11-56a4 *et seq*. and New Jersey Administrative Code §§ 12:56-3.1 *et seq*. and 12:56-6.1 *et seq*.; and New York Labor Law ("NYLL") Article 19 §§ 633 and 652 and 12 NYCRR §142-2.2 to recover unpaid overtime wages owed to Plaintiff Zenio G. Mejia (hereinafter "Plaintiff"), by Defendants Moishe Mana, Eugene Lemay, Misha Lang and Salman Rami Haim a/k/a Rami Haim, individually (hereinafter "Individual Defendants"), and Mana Fine Arts LLC., Moishe's Guarantee Asset Management LLC,   Gam Inventory

1

Management, Guarantee Wine Storage Inc., (hereinafter "Corporate Defendants") and any other related or affiliated entities (hereinafter collectively "Defendants").

2.      Defendants employed Plaintiff as a helper and dispatcher for their arts management and storage facility.

3.      Plaintiff has initiated this action seeking his earned overtime wages of which he was deprived, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

4.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §§ 202(a), 207 and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 for the claims brought under the New Jersey State Wage and Hour Law and New York Labor Law.

5.      The statute of limitations under the FLSA for willful violations is three years.  See 29 U.S.C. § 255(a).

6.      The statute of limitations under the New Jersey State Wage and Hour Law is two years. See New Jersey Statute § 34:11-56a25.1.

7.      The statute of limitations under the New York Labor Law is six years. See New York Labor Law § 198(3).

## VENUE

8.      Venue for bringing this action in the District of New Jersey under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey.

## PARTIES

9.      Plaintiff Zenio G. Mejia is an individual residing in the State of New Jersey who performed labor for Defendants.

10.      Upon information and belief, Defendant Mana Fine Arts LLC. is a domestic business corporation incorporated under the laws of the State of New Jersey, and authorized to do business in the State of New York, with its principal location at 227 Coles Street, Jersey City, NJ 07310.

11.      Upon information and belief, Defendant Moishe's Guarantee Asset Management LLC. is a domestic business corporation incorporated under the laws of the State of New Jersey, and authorized to do business in the State of New York, with its principal location at 888 Newark Avenue, Jersey City, New Jersey 07306.

12.      Upon information and belief, Defendant GAM Inventory Management is a domestic business corporation incorporated under the laws of the State of New Jersey, and authorized to do business in the State of New York, with its principal location at 227 Moishe's Way #202, Jersey City, New Jersey 07310.

13.      Upon information and belief, Defendant Guarantee Wine Storage Inc. is a foreign business corporation incorporated under the laws of the State of New Jersey, with its principal location at 215 Coles St., Jersey City, New Jersey 07310

14.      Upon information and belief, Defendant Moishe Mana is a resident of 420 S Hibiscus Drive, Miami Beach, Florida 33139 and/or 888 Newark Avenue, Jersey City, NJ 07306 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of the Corporate Defendants.

15.      Upon information and belief, Defendant Eugene Lemay is a resident of 25

3

Brookview Terrace, Apt. TC, Hillsdale, New Jersey 07642, and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of the Corporate Defendants.

16.     Upon information and belief, Defendant Micha Lang is a resident of 507 West 111th St. Apt. 24, New York, New York 10025 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of the Corporate Defendants.

17.     Upon information and belief, Defendant Salman Rami Haim is a resident of 303 9th Street, Jersey City, New Jersey 07302 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of the Corporate Defendants.

18.     Defendants are engaged in the arts storage and management business and employed Plaintiff at all relevant times.  Upon information and belief, Defendants as employers of Plaintiff: (i) had the power to hire and fire him; (ii) supervised and controlled his work schedules or conditions of employment; (iii) determined his rate and method of payment; and (iv) were responsible for maintaining his employment records.

19.     Upon information and belief, the Defendants managed the day-to-day operating decisions as it relates to Plaintiff's employment, made all personnel decisions, and had complete control of the alleged activities, which give rise to the claims brought herein.

20.     Upon information and belief, the Defendants are employers within the meaning of the Fair Labor Standards Act, New Jersey State Wage and Hour Law, and New York Labor Law.  The Defendants actively participated in the unlawful method of payment of Plaintiff.

**STATEMENT OF FACTS**

21.     Defendants employed Plaintiff to perform dispatching and delivery for Defendants' arts storage and management business.

22.     Plaintiff worked for Defendants from approximately August 2013 to September 8, 2017.

23.     Plaintiff typically worked five (5) to seven (7) days per week at Defendants' offices in New Jersey and throughout New Jersey and the New York metropolitan area dispatching, transporting and/or delivering mostly high end furniture and art pieces from Defendants' buildings to clients' homes, storage units and/or galleries. Plaintiff typically worked from approximately 7:00 a.m. until 7:00 p.m.

24.     Plaintiff Mejia was paid his regular rate of pay, which was approximately $25.00 per hour, for all hours worked, including hours worked in excess of forty (40) hours per week for his entire employment period.

25.     Plaintiff regularly worked more than forty (40) hours each week without being paid overtime compensation of time and one-half her regular rate of pay..  For instance, during the week from Friday, September 30, 2016 to Thursday October 6, 2016, Plaintiff worked 61 hours. Then the following week from Friday October 7, 2016 to Thursday October 13, 2016, Plaintiff Mejia worked 51.50 hours.  Plaintiff Mejia was paid $25.00 per hour for all 112.50 hours (61 hours + 51.50 hours) and did not receive the overtime premium for the total 31.5 (21 overtime hours from week 1 + 11.5 overtime hours from week 2) overtime hours he worked during those two weeks. (See exhibit A attached hereto which contain examples of time keeping/payroll records for Plaintiff.)

26.

## Joint Employers

1.      Upon information and belief, Mana Fine Arts LLC., Moishe's Guarantee Asset Management LLC, Gam Inventory Management and Guarantee Wine Storage Inc., jointly employed Plaintiff.

2.      The Corporate Defendants share a common business purpose in that they are all in the business of moving, storing, exhibiting and managing art pieces.

3.      The Corporate Defendants are jointly owned and/or managed by the Individual Defendants who jointly maintain common control, oversight and direction over the operations of the work performed by Plaintiff, including payroll practices.

4.      The Corporate Defendants used Plaintiff's labor for their shared benefit.

5.      Upon information and belief, Individual Defendants, Moishe Mana, Eugene Lemay, Micha Lang and Salam Rami Haim were founders, officers, directors, presidents, principles, vice presents, and/or owners of the Corporate Defendants and (i) had the power to hire and fire Plaintiff; (ii) supervised, disciplined, and controlled Plaintiff's work schedules and conditions of employment; (iii) determined the rate and method of payment for Plaintiff; and (iv) maintained employment records.

6.      Upon information and belief, Individual Defendants dominated the day-to-day operating decisions of the Corporate Defendants, made major personnel decisions for the Corporate Defendants, and had complete control of the alleged activities of all Defendant companies that give rise to the claims brought herein.

7.      Upon information and belief, Individual Defendants are the supervisors, officers and/or agents of the Corporate Defendants, who acted directly or indirectly in the interest of the Corporate Defendants, and are or were employers within the meaning of the FLSA, NJWHL and NYLL.

8.      Upon information and belief, Individual Defendants, as officers, directors, shareholders, and/or presidents or vice presidents, actively participated in the unlawful method of payment for Plaintiff's work.

9.      Defendants Eugene Lemay, Micha Lang and Salman Ram Haim would regularly hold meetings with Plaintiff to discuss improvements in production and to motivate Plaintiff to increase production.

10.     Eugene Lamay and Micha Lang would give instructions to Plaintiff regarding what work Plaintiff needed to do and where he was supposed to go to perform his work.

11.     If there were any problems, Plaintiff would speak to Micha Lang.  Then Micha Lang would talk to Eugene Lamay.  Eugene Lamay would then discuss with Moishe Mana and report back with instructions for Micha Lang to relay to Plaintiff.

12.     Plaintiff asked Micha Lang for a raise several times during his employments, and Micha Lang said he would ask Eugene Lemay.

13.     Because Micha Lang would not get back to Plaintiff about the requested raise, Plaintiff asked Eugene Lemay directly for a raise. Eugene Lemay told Plaintiff that he "had plans" for Plaintiff and that he would "take care" of Plaintiff.  Plaintiff never received a raise while working for Defendants.

14.     On one occasion, in approximately 2012, Eugene Lemay disciplined Plaintiff for moving the apartment contents of a client from Moishe's Storage on 27 Coles Street in Jersey City to a storage place in Brooklyn.  Plaintiff explained that he did so because all storage units at 27 Coles Streetwere being moved elsewhere at that time.

15.     Typically, Eugene Lemay and/or Micha Lang would inspect the Plaintiff's work.

16.     When Plaintiff needed a day off from work, he would ask Eugene Lemay or Micha

Lang and one or the other would tell Plaintiff whether he could take the day off or not.

17.     In September 2017, Micha Lang fired Plaintiff. Micha Lang told Plaintiff that there was no more work for him to do and that this order had come from above, meaning Eugene Lemay and/or Moishe Mana.

18.     Defendant Moishe Mana was the head boss and was in charge of Eugene Lemay, Micha Lang and Salam Rami Haim.

19.     By controlling the work of Eugene Lemay, Micha Lang and Salam Rami Haim, who in turn controlled the work of Plaintiff, Moishe Mana had operational control over Plaintiff's work.

20.     Upon information and belief, Defendant Moishe Mana controlled the terms and conditions of Plaintiff's employment, including his pay.

21.     Upon information and belief, Defendant Moishe Mana and the other Defendants owned the equipment used by Plaintiff in performing his work, such as the trucks, fork lifts, palette Jacks, dollies, drills, and packing supplies.

22.     Upon information and belief, Defendant Moishe Mana and the other Defendants owned the property at 888 Newark Avenue, Jersey City, New Jersey where Plaintiff often reported to for work and where he performed significant amounts of work.

23.     Eugene Lemay and Salam Rami Haim told Plaintiff that Moishe Mana was the boss and owned the company.

24.     Plaintiff saw Defendant Moishe Mana at the 888 Newark Avenue site in Jersey City approximately 20 times per year.   Moishe Mana would meet at the café on the fourth floor with Eugene Lemay.

25.     Plaintiff typically received personal checks made out to "Cash" for his work each

week.

26.     Despite no change in his work, supervision or management, the name on the personal checks received by the Plaintiff varied over the course of his employment. Upon information and belief, these varying corporate entities were all owned by the Individual Defendants.

27.     Plaintiff received personal checks for his work from Mana Fine Arts LLC., Moishe's Guarantee Asset Management LLC, Gam Inventory Management, Guarantee Wine Storage Inc., among others.

28.     Regardless of which company name was on the check, Plaintiff always picked up his pay at 227 Coles St. in Jersey City, performed the same type of work, and had the same supervisors and bosses as mentioned previously.

29.     During Plaintiff's employment, trucks that read "Mana Fine Arts" on them were used for transport of high end furniture, art pieces, sculptures, and the like.

30.     Upon information and belief, Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and applicable state laws by failing to maintain proper and complete timesheets and payroll records.

31.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

32.     Upon information and belief, Defendants engage in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce such as construction materials, equipment and tools.

**FIRST CAUSE OF ACTION:**
**FLSA OVERTIME COMPENSATION**

27.     Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

28.     Pursuant to the FLSA, 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

30.     Plaintiff is an employee within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

31.     Defendants are "employer[s]", within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

32.     Defendants failed to pay Plaintiff overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which he worked after the first forty (40) hours in any given week.

33.     Defendants' failure to pay Plaintiff his rightfully owed wages and overtime compensation was willful.

34.     By the foregoing reasons, Defendants are liable Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs

## SECOND CAUSE OF ACTION:
## NEW JERSEY OVERTIME COMPENSATION

35.     Plaintiff repeats and re-alleges the allegations set forth above.

36.     In violation of New Jersey Statutes 34:11-56a4 *et seq*. and New Jersey Administrative Code §§ 12:56-6.1 *et seq*., Defendants willfully failed to pay Plaintiff statutorily required overtime compensation for the time worked in excess of forty hours a week for Defendants.

37.     By the foregoing reasons, Defendants have violated New Jersey Statutes §§ 34:11-56a4 *et seq*. and New Jersey Administrative Code §§ 12:56-6.1 *et seq*. and are liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION:
## NEW YORK OVERTIME COMPENSATION

38.     Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

39.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

40.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

41.     At all times relevant, Plaintiff was an employee, and Defendants were employers, within the meaning of the NYLL.

42.     Plaintiff worked more than forty hours a week while working for Defendants.

43.     Plaintiff did not receive overtime compensation in an amount equal to one and

one half times their regular rates of pay for the hours worked after the first forty hours of work in a week.

44.     Consequently, by failing to pay to Plaintiff overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated NYLL § 663 and 12 NYCRR § 142-2.2.

45.     Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiff for work they performed after the first forty hours worked in a week was willful.

46.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1)     on his first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, attorneys' fees and costs;

(2)     on his second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, attorneys' fees and costs;

(3)     on his third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, attorneys' fees and costs;

(4)     such other and further relief the Court deems just and proper.

Dated:  New York, New York
        November 29, 2017

VIRGINIA & AMBINDER, LLP

_____/s/_____
Lloyd Ambinder Esq.
Kara Miller, Esq.
Michele A. Moreno, Esq.
40 Broad Street, 7th Floor,
New York, New York 10004
Tel: 212-943-9080
Fax: 212-943-9082
kmiller@vandallp.com
*Attorneys for Plaintiff*